UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
In re                                                     :   Case No.  18-22915 (RDD)
                                                          :
510 Halsey Corp.,                                         :   Chapter 11
                                                          :
                         Debtor.                          :
------------------------------------------------------------x

**MEMORANDUM OF LAW OF THE UNITED STATES TRUSTEE
IN SUPPORT OF MOTION FOR AN ORDER TO CONVERT TO A CASE UNDER
<u>CHAPTER 7 OR, ALTERNATIVELY DISMISS THIS CHAPTER 11 CASE</u>**

TO:   THE HONORABLE ROBERT D. DRAIN,
      UNITED STATES BANKRUPTCY JUDGE:

William K. Harrington, the United States Trustee for Region 2 (the "United States Trustee"), by counsel, respectfully submits this Memorandum of Law in support of his motion to convert this chapter 11 case to a case under chapter 7 or, dismiss this chapter 11 case. In support, the United States Trustee respectfully states:

**INTRODUCTION**

Cause exists under 11 U.S.C. §1112(b)(4) to convert or dismiss this chapter 11 case. First, the 510 Halsey Corp. (the "Debtor") has failed to file (a) monthly operating reports, (b) Schedules A/B, C, D, E/F, G, and H ("Schedules"), (c) a statement of financial affairs ("SOFA"), (d) an affidavit required by Local Bankruptcy Rule 1007-e (the "1007 Affidavit"), (e) balance sheet, (f) cash flow statement, and (g) a Federal income tax return.  Second, the Debtor, a corporation, has failed to retain counsel. Third, the Debtor has failed to provide to the United States Trustee proof of insurance, proof of closure of prepetition accounts, proof of opening a debtor-in-possession account, and other required documents. Lastly, the Debtor has failed to pay statutory fees owed to the United States Trustee.  Interestingly, although the Debtor initially

1

faced dismissal of this case for an additional deficiency – that is, the failure to pay the full sum owed for its filing fees – those fees were paid prior to the scheduled hearing on dismissal and such hearing was cancelled. Except for this last deficiency which was corrected, all the aforementioned deficiencies remain unresolved.

The United States Trustee recommends conversion of this case. A public records search indicated a corporation in the name of the Debtor owned a two family residence located at 510 Halsey Street, Brooklyn, New York 11233 (the "Property").  The public records search also disclosed an Order and Judgment entered in the Supreme Court of the State of New York, Kings County ("New York State Court"), dated September 23, 2008 (the "State Court Order"). The State Court Order set aside as fraudulent and void the conveyance of the Property by a deed dated May 24, 2005 from what appears to be the Debtor to Aron Eisenberg and a conveyance by deed dated December 25, 2008 from Aron Eisenberg to Yosher LLC. Significantly, Aron Eisenberg signed the Petition in this case. Should the Debtor be found to own the Property, a public records search showed that the Property's fair market value could be upwards of $1,544,300. While it is not known if the Property is encumbered by any liens, nonetheless, these circumstances demonstrate a need for a chapter 7 trustee to be charged to investigate, *inter alia*, the financial affairs of the Debtor, the circumstances under which a petition was filed in this Court, whether the Petition was filed in good faith, and whether there are any potential assets available for distribution to creditors of the Debtor.  Accordingly, conversion to Chapter 7 is appropriate and in the best interest of creditors of this estate.

## FACTS

1. On June 13, 2018, the "Debtor commenced this chapter 11 case by filing a voluntary petition (the "Petition"), which was signed by Aron Eisenberg, as "Member" of the Debtor. ECF No. 1.

2. The Debtor checked the box on its Petition that it is a corporation, engaged in single asset real estate, and that its estimated assets are between $500,001 and $1 million. ECF Doc. No. 1 at 1-3.

3. The Debtor's petition indicates that it is a small business debtor. ECF Doc. No. 1 at 2.

4. On June 13, 2018, the Office of the United States Trustee sent a letter to the Debtor attaching a copy of the Operating Guidelines and Reporting Requirements for Debtors in Possession and Trustees (the "Operating Guidelines"). See Declaration in Support of the United States Trustee's Motion for an Order to Convert this Case or, Alternatively to Dismiss this Chapter 11 Case attached hereto as Exhibit 1 ("Scott Decl.") at ¶ 3.   The Operating Guidelines outline the requirements for a debtor-in-possession, including the obligation to provide proof of insurance, provide proof of closing pre-petition bank accounts, provide proof of opening a debtor-in-possession bank account, file monthly operating reports, file retention applications for employment of professionals, and pay the United States Trustee quarterly fees. Id.

5. To date, the Debtor has not provided the United States Trustee with any documents required by the Operating Guidelines, including proof of insurance, proof of closing of its prepetition bank accounts, and proof of opening a debtor-in-possession bank account. See Scott Decl. at ¶ 4.

6. A review of the docket revealed that the Debtor has failed to file monthly

operating reports for June and July 2018. See ECF Docket. The August and September 2018 monthly operating reports are due prior to the return date of this Motion. Id.

7. A review of the docket revealed that the Debtor has failed to file Schedules, SOFA, 1007 Affidavit, balance sheet, cash flow statement, or Federal income tax return. See ECF Docket.

8. The Debtor has not paid United States Trustee quarterly fees pursuant to 28 U.S.C. §1930(a)(6), together with any applicable interest pursuant to 31 U.S.C. §3717, during the pendency of this case. See Scott Decl. at ¶ 6. The Debtor owes an estimated $325.00, plus interest. Id.

9. The Debtor has failed to file an application to retain counsel. See ECF Docket see also, Scott Decl. at ¶ 2.

10. On July 17, 2018, the Court issued a Notice of Hearing to consider dismissal of the Debtor's case for failure to pay the required filing fee, with a hearing to be held on August 1, 2018 (the "Dismissal Hearing"). Scott Decl. at ¶ 7.

11. On July 18, 2018, the Debtor failed to appear at the meeting of creditors, scheduled pursuant to 11 U.S.C § 341. Scott Decl. at ¶ 5.

12. A review of the Court docket demonstrated that on July 26, 2018, the balance of the filing fee was paid and the Dismissal Hearing was terminated. Scott Decl. at ¶ 8.

13. A public record search on ACRIS[1] demonstrated that by a deed dated March 31, 2004 recorded in the King's County Office of the City Register of the City of New York on July

---

[1] ACRIS is an acronym for Automated City Register Information System and contains copies of recorded instruments which can be obtained by the public for the Office of the City Register.

4

5, 2004, document ID: 2004061002198001, Frank J. Rio, as grantor, granted the Property to the Debtor, as grantee. Scott Decl. at ¶ 9.

14. A public record search on ACRIS demonstrated that by a deed dated May 24, 2005 recorded in the Kings County Office of the City Register of the City of New York on June 13, 2005, document ID: 2005060301486001, the Debtor, as grantor, granted the Property to Aron Eisenberg, as grantee. Scott Decl. at ¶ 10.

15. A public record search on ACRIS demonstrated that by a deed dated December 28, 2005 recorded in the Kings County Office of the City Register of the City of New York on January 27, 2006, document ID: 2006010401819001, Aron Eisenberg, as grantor, granted the Property to Yosher LLC, as grantee. Scott Decl. at ¶ 11.

16. A public record search on ACRIS demonstrated the entry of an Order and Judgment dated September 23, 2004 and recorded in the King's County Office of the City Register of the City of New York on November 14, 2008, document ID: 2008111200020001, which directed as follows:

> **Ordered**, that the conveyance of the premises known as 510 Halsey Street, Brooklyn, New York, Block 1665, Lot 25, by deed dated May 24, 2005, from 510 Halsey Corp. to Aron Eisenberg, recorded in the Office of the City Register on June 13, 2005, and from Aron Eisenberg to Yosher LLC, dated December 28, 2005 recorded in the Office of the City Register on January 27, 2006, are set aside and declared fraudulent, void and of no effect; and further
>
> **Ordered**, that the Kings County Clerk's Office and/or the Office of the City Register of the City of New York are directed to cancel the aforesaid deeds of record; . . .

Scott Decl. at ¶ 12.

17. A public search of the Property produced an analysis from realtor.com which provided an estimated value of the Property of $1,544,300 and the following description:

5

**Property Overview** – 510 Halsey St., Brooklyn, NY 11233 is a multi family home built in 1899. The median sales price for the Bedford-Stuyvesant area is $1,395,000. The $1,544,300 estimated value is 6.5% greater than the median listing price of $1,450,000 for the Bedford-Stuyvesant area.

Scott Decl. at ¶ 13.

## ARGUMENT

**A.**    **Governing Law**

The Court shall convert or dismiss a case filed under chapter 11 for cause. See 11 U.S.C. § 1112(b)(4). The Bankruptcy Code describes a number of factors, any one of which may constitute "cause" for either dismissal or conversion of a chapter 11 case to a chapter 7 case. See 11 U.S.C. §1112(b)(2). Among other things, "cause" includes:

> (F) [the] unexcused failure to satisfy timely any filing or reporting requirement established by this title or by any rule applicable to a case under this chapter;
> …
>
> (H) failure timely to provide information or attend meetings reasonably requested by the United States trustee (or the bankruptcy administrator if any);
> …
>
> (K) [the] failure to pay any fees or charges required under chapter 123 of title 28;

"Cause" to convert or dismiss, however, is not limited to the expressly enumerated provisions of the statute. See In re BH S&B Holdings, LLC, 439 B.R. 342, 346 (Bankr. S.D.N.Y. 2010) (stating that the sixteen examples of events that may constitute cause in §1112(b)(4) are "'not exhaustive' and courts are free to consider other factors"); In re TCR of Denver, LLC, 338 B.R. 494, 500 (Bankr. D. Colo. 2006) (noting "the Court may dismiss a Chapter 11 case for reasons other than those specified in section 1112(b) as long as those reasons satisfy 'cause'"). The bankruptcy court has wide discretion to determine if cause exists and how to ultimately adjudicate the case. In re The 1031 Tax Group, LLC, 347 B.R. 78, 93 (Bankr. S.D.N.Y. 2007).

6

**B.  Cause Exists to Convert or Dismiss This Case**

Cause exists to convert or dismiss this case due to the Debtor's (i) failure to file monthly operating reports, Schedules, SOFA, 1007 Affidavit, balance sheet, cash flow statement, and Federal income tax return, (ii) failure to retain counsel, (iii) failure to provide proof of insurance and other documents requested by the United States Trustee, and (iv) failure to pay United States Trustee Quarterly Fees.

1.  **Failure to Satisfy Timely Filing or Reporting Requirements**

As of the day of this Motion, the Debtor has failed to file monthly operating reports, Schedules, SOFA, 1007 Affidavit, balance sheet, cash flow statement, and its Federal income tax return. Pursuant to 11 U.S.C. §704(a)(7) and (8), made applicable to chapter 11 cases by 11 U.S.C. § 1106(a)(1) and Fed. R. Bankr. P. 2015, a debtor is required to file financial reports on a periodic basis. The Operating Guidelines specifically require a debtor to file monthly operating reports for each and every month for the duration of a debtor's chapter 11 case. Operating Guidelines at ¶9. The reports must be filed no later than the fifteenth day of the following month.

The Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, and/or the Local Bankruptcy Rules require the Debtor to file Schedules, SOFA, 1007 Affidavit, balance sheet, cash flow statement, and Federal income tax return. See 11 U.S.C. § 521(a)(1); 11 U.S.C. § 1116(1); Fed. R. Bankr. P. 1007(b); S.D.N.Y. LBR 1007-2 (c).

The Debtor's failure to timely file the above mentioned documents demonstrates a disregard for its responsibilities as a debtor-in-possession. See In re Marvel Entertainment, Inc., 140 F.3d 463, 474 (3d Cir. 1998) (stating that debtors have a fiduciary duty of open, honest and straightforward disclosure to the court and creditors). The Debtor's failure to fulfill its fiduciary obligations denies creditors access to important information regarding the Debtor's financial

7

affairs. See id. "Refusal or inability to provide financial disclosure sounds the death knell of a Chapter 11 case. The failure to file monthly operating statements. . . 'whether based on inability to do so or otherwise, undermines the Chapter 11 process and constitutes cause for dismissal of the Chapter 11 proceedings.'" In re Costa Bonita Beach Resort, Inc., 513 B.R. 184, 199 (Bankr. D. P.R. 2014) (citing In re Tornheim, 181 B.R. 161, 164 (Bankr. S.D.N.Y. 1995); see also, In re GEL, 495 B.R. 240, (Bank. E.D.N.Y. 2012); In re Halal 4 U LLC, No. 08-15216 (MG), 2010 WL 3810860, *4 (Bankr. S.D.N.Y. Sept. 24, 2010); In re Rey, Nos. 04 B 35040, 04 B 22548, 06 B 4687, 2006 WL 2457435, *8 (Bankr. N.D. Ill. Aug. 21, 2006); In re Roma Group, Inc., 165 B.R. 779, 780 (S.D.N.Y. 1994).

In this case, the Debtor's failure to timely file monthly operating reports and other required documents for a small business debtor has deprived the Court, the United States Trustee, and creditors of the ability to adequately access and monitor this case. The Debtor's failure to file these documents constitutes cause for the dismissal or conversion of the Debtor's case pursuant to 11 U.S.C. § 1112(b)(4)(F).

    **2. Failure to Retain Counsel**

It is established that a corporation, or other entity, may not appear in courts of the United States unless it is represented by counsel. See Rowland v. California Men's Colony, 506 U.S. 194, 201-02 (1993) (stating that "[i]t has been the better part of two centuries … that a corporation may appear in the federal courts only through licensed counsel"); see also, Jones v. Niagara Frontier Transp. Auth., 722 F.2d 20, 22 (2d Cir. 1983) (stating that "a corporation, which is an artificial entity that can only act through agents, cannot proceed *pro se*"). The Second Circuit also has opined that "[s]ince, of necessity, a natural person must represent the corporation in court, we have insisted that that person be an attorney licensed to practice law

8

before our courts." Shapiro, Bernstein & Co. v. Continental Record Co., 386 F.2d 426, 627 (2d Cir. 1967). At least one bankruptcy court in this district has held that the *pro se* filing of a chapter 11 petition is, in itself, impermissible. See In re BSL Operating Corp., 57 B.R. 945, 947 (Bankr. S.D.N.Y. 1986) (citing to Advisory Committee Note to Rule 9010 and stating "it is well settled that a corporation cannot appear *pro se*").

Here, no retention application has been filed by the Debtor, a corporation. As a result, no retention order has been entered. The failure of a chapter 11 corporation to retain counsel is cause for conversion or dismissal pursuant to section 1112(b) of the Bankruptcy Code. In re Spencer C. Young Invs., No. 08-81852, 2009 WL 901654, *3 (Bankr. M.D.N.C. Feb. 4, 2009) (dismissing a *pro se* corporate debtor's case for, among other reasons, failure to obtain counsel); In re Child Life, Inc., 126 B.R. 51, 52 (Bankr. N.D. Oh. Mar. 26, 1991) (dismissing a chapter 11 case of a corporate entity because it failed to obtain counsel); see also, In re A's Inc., No. 09-21056-TLM, 2009 WL 3571247,*1-2 (Bankr. D. Idaho Oct. 26, 2009) (ordering corporate debtor to appear through counsel and stating that case will be dismissed if debtor fails to appear with counsel within a two week period). This Court should convert or dismiss this case on the ground that the Debtor has failed to retain counsel as required under applicable law.

**3. Failure to Provide Proof of Insurance and Other Documents**

The failure to maintain appropriate insurance is cause for the conversion or dismissal of the Debtor's case. 11 U.S.C. §1112(b)(4)(C); Derivium Capital LLC v. U.S. Trustee (In re Derivium Capital LLC), No. 5 Civ. 10845 (CLB), 2006 WL 1317021, *11 (S.D.N.Y. May 12, 2006) (affirming the bankruptcy court's decision to convert a chapter 11 case partially because the debtor lacked proper insurance coverage); In re Van Eck, 426 B.R. 54, 60-61 (Bankr. D. Conn. 2010) (finding that cause existed in part, because the debtor failed to show that there was

9

insurance on residential property he owed). Here, the Debtor has failed to provide the United States Trustee with proof of insurance and other requested documents. See Scott Decl. at ¶ 4. Therefore, cause exists to dismiss or convert the Debtor's case under 11 U.S.C. §1112(b)(4)(C).

### 4. Failure to Pay United States Trustee Quarterly Fees

Section 1112(b)(4)(K) mandates dismissal or conversion of a chapter 11 case where a debtor has failed to pay fees required under chapter 123 of title 28. Section 1930(a)(6) of title 28 (a part of chapter 123 of title 28) requires chapter 11 debtors to pay quarterly fees to the Office of the United States Trustee. 28 U.S.C. §1930(a)(6). Hence, nonpayment of United States Trustee quarterly fees is grounds for dismissal or conversion of a debtor's case. In re Tornheim, 181 B.R. at 164. The Debtor presently owes $325.00 in estimated United States Trustee quarterly fees. See Scott Decl. at ¶ 6.

**C.    There are No Unusual Circumstances Establishing that Conversion or Dismissal is not in the Best Interests of Creditors and the Estate.**

Under section 1112(b)(2) of the Bankruptcy Code, after the movant shows cause, the burden shifts to the debtor and other parties in interest to show that there are "unusual circumstances establishing that conversion or dismissal is not in the best interests of creditors and the estate." 11 U.S.C. § 1112(b)(2).

Section 1112(b)(2) provides that:

> (2) The court may not convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter if the court finds and specifically identifies unusual circumstances establishing that converting or dismissing the case is not in the best interests of creditors and the estate, and the debtor or any other party in interest establishes that --
>
> > (A) there is a reasonable likelihood that a plan will be confirmed within the time frames established in sections 1121(e) and 1129(e) of this title, or if such sections do not apply, within a reasonable

10

>> period of time; and
>
> (B) the grounds for converting or dismissing the case include an act or omission of the debtor other than under paragraph (4)(A)--
>
>> (i) for which there exists a reasonable justification for the act or omission; and
>
>> (ii) that will be cured within a reasonable period of time fixed by the court.

11 U.S.C. § 1112(b)(2).

There are no unusual circumstances in this case that would establish that conversion or dismissal is not in the best interests of the creditors and the estate. The Debtor has done very little in its case and instead seems to have disregarded its duties as a chapter 11 debtor – except when dismissal was a possibility for the Debtor's failure to pay the filing fee. In that instant, the Debtor cured the deficiency of the filing fee, which automatically terminated the hearing on the dismissal of this case. Yet, the Debtor has done nothing else to cure the multitude of deficiencies set forth in this Motion that have been outstanding since the commencement of the case on June 13, 2018 nor did the Debtor appear at the Meeting of Creditors pursuant to 11 U.S.C. § 341. Based on these facts, it is unlikely that the Debtor will be able to confirm a plan within a reasonable time.

**D.      Conversion is in the Best Interests of Creditors and the Estate**.

Under 11 U.S.C. § 1112(b), the Court, in its discretion, must determine whether dismissal or conversion is in "the best interest of creditors and the estate." 11 U.S.C. § 1112(b)(1). See also In re Colon Martinez, 472 B.R. 137, 145 (1st Cir. B.A.P. 2012) (stating that court has broad discretion to convert or dismiss a chapter 11 case); In re AdBrite Corp., 290 B.R. at 215 (same). In a case where there are, or may be, assets that could provide a recovery to

11

creditors but the debtor-in-possession has failed to perform as required in the case, conversion to chapter 7 is in the best interests of creditors. In re Cloisters of Brevard, Inc., 117 B.R. 722, 723 (Bankr. M.D. Fla. 1990).

The Debtor has filed a barebones petition and has not provided the Court or parties-in-interest with any information besides that the Debtor appears to have assets ranging from $500,001 to $1 million. Importantly, however, through a public records search, the Debtor may have an interest in the Property, which could be worth upwards of $1,500,000, and it is unclear the amount, if any, that encumbers the property. A chapter 7 trustee can perform his or her duties and investigate, *inter alia*, the financial affairs of the Debtor, the circumstances under which a petition was filed in this Court, whether the Petition was filed in good faith, and whether there are any potential assets available for distribution to creditors of the Debtor. As such, conversion is in the best interests of the creditors and the bankruptcy estate and the Court should, respectfully, convert the Debtor's case to chapter 7.

**CONCLUSION**

WHEREFORE, the United States Trustee respectfully requests that the Court enter the proposed order, attached hereto as <u>Exhibit 2</u>, granting this Motion and converting this chapter 11 case to a case under chapter 7.[2] Alternatively, if it determined prior to conversion that the Debtor's creditors would be best served by dismissal, than the United States Trustee respectfully requests that the Court dismiss the case, and grant such other relief as the Court deems fit.

Dated: New York, New York
       August 20, 2018

Respectfully submitted,

WILLIAM K. HARRINGTON
UNITED STATES TRUSTEE

By:   <u>/s/ *Shannon Anne Scott*</u>
      Shannon Anne Scott
      Trial Attorney
      201 Varick Street, Room 1006
      New York, New York 10014
      Tel. No. (212) 510-0500

---

[2] Section 1112(b)(3) states that the Court must commence the hearing on the motion not later than 30 days after the filing thereof, and decide the motion not later than 15 days after the commencement of the hearing, unless the United States Trustee consents to a continuance for a specific period of time or compelling circumstances prevent the court from meeting those time limits. 11 U.S.C. §1112(b)(3). Currently, the hearing on the Motion is scheduled for November 27, 2018. The United States Trustee hereby consents to a continuance until this hearing date or a date thereafter that the Court determines.

13