| | |
|---|---|
| Law Offices of Laurence J. Sass | Hearing Date: November 27, 2018 |
| 20 Vesey Street, Suite 1400 | Time: 10:00 a.m. |
| New York, New York 10007 | |
| Laurence J. Sass, Esq. | |
| Attorneys for Hubert Richards | |

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X

In re:                                                                Case No. 18-22915 (RDD)

510 HALSEY CORP.,                                          Chapter 11

                        Debtor.
-------------------------------------------------------X

### RESPONSE OF HUBERT RICHARDS TO UNITED STATES TRUSTEE'S MOTION TO CONVERT TO A CASE UNDER CHAPTER 7 OR, ALTERNATIVELY, DISMISS THIS CHAPTER 11 CASE

Hubert Richards, by his counsel, Laurence J. Sass of the Law Offices of Laurence J. Sass, responds to the motion of the United States Trustee to convert this case to Chapter 7, or alternatively, to dismiss this case, and respectfully sets forth as follows.

#### Preliminary Statement

1.      For over ten years, Hubert Richards has been seeking to collect on a significant money judgment entered against 510 Halsey Corp. ("Debtor") based on eye injuries sustained while working at the Debtor's premises. The Debtor has dodged the judgment, including through fraudulently conveying its real property, leaving Hubert Richards empty handed. The best prospect for Hubert Richards to collect on his claim is for the Court to convert the Debtor's case to Chapter 7 so that a Chapter 7 Trustee can sell the Debtor's valuable real property through a well-constructed sales process for the benefit of all of the creditors, including Hubert Richards. A sale by a Chapter 7 Trustee will yield significantly greater value than a state court sheriff's sale,

and a bankruptcy case will allow a Chapter 7 Trustee to set aside, if appropriate, the lien of the first mortgagee. Accordingly - and because dismissal helps no one but the Debtor - Hubert Richards strongly supports that prong of the United States Trustee's motion that seeks conversion of this case to Chapter 7.

Facts

2.Hubert Richards ("Richards") was seriously injured on April 4, 2005 when a piece of metal from a door locking mechanism shot into his left eye while he was working as an independent handyman on a door lock at the Debtor's property, located at 510 Halsey Street, Brooklyn, New York ("Property"). Richards had surgery shortly thereafter for a corneal abrasion that required removal of his ocular lens and a traumatic cataract. (See accompanying Affirmation of Laurence J. Sass, dated November 14, 2018, at ¶¶ 3-5, Exs. 2-4) (hereinafter, "Sass Aff.")

3.Richards commenced a lawsuit against the Debtor in 2006. See Hubert Richards v. 510 Halsey Corp. and Prospect Management Inc., Index No. 11476/06, Supreme Court of the State of New York, County of Kings. (See Sass Aff at ¶ 3, Ex.2). On July 19, 2007, a judgment was entered in favor of Richards and against the Debtor (and a co-defendant) in the aggregate principal sum of $363,860.00 ("Judgment"). (See Sass Aff at ¶ 2, Ex.1).

4.Shortly after Richards' accident, the Debtor fraudulently transferred the Property without consideration, twice: first to the Debtor's principal, Aron Eisenberg (May 24, 2005), and then, from Aron Eisenberg to Yosher, LLC, a related party (December 28, 2005). After the Judgment was entered, Richards commenced a lawsuit to set aside the fraudulent transfers. See Hubert Richards v. 510 Halsey Corp. and Aron Eisenberg, Index No. 9029/08, Supreme Court of the State of New York, County of Kings. By Order and Judgment, dated September 23, 2008 and recorded against the Property on October 22, 2008, the State Court set aside and declared

fraudulent, void and of no effect the conveyances of the Property from the Debtor to Aron Eisenberg and from Aron Eisenberg to Yosher LLC. (See Sass Aff at ¶ ¶ 6-8, Exs. 5-7).

5. On May 24, 2005, the same day that Debtor deeded the Property over to Aron Eisenberg, Mr. Eisenberg took out a $460,000 mortgage on the Property from HSBC. (See Sass Aff at ¶ 10). Investigation of public records and discovery taken to date by Richards from HSBC, the first mortgagee on the Property, suggests that the first mortgagee's lien may be unenforceable based on statute of limitations grounds. (See Sass Aff. at ¶ ¶ 9-12, Exs. 8-9).

6. Judgment enforcement efforts by Richards ensued, but Richards has yet to collect a penny of the Judgment. (See Sass Aff at ¶ 13).

7. On June 13, 2018, the Debtor filed a petition under Chapter 11 of the Bankruptcy Code. [ECF No. 1]. The Debtor has not filed the required schedules and statements and has failed to comply with the requirements of a debtor in Chapter 11. The Court denied the Debtor's request to pay the filing fee in installments, which prompted this Court to seek dismissal [ECF Nos. 4, 7]. On July 26, 2018, counsel for Richards paid the balance of the filing fee to avoid dismissal of the bankruptcy case. (See Sass Aff. at ¶ 14; ECF entry on 7/26/2018).

8. Although no bar date has been set, to date, two creditors have filed proofs of claim, as follows:

- New York State Department of Taxation & Finance
    Proof of Claim for $15,353.32 [Proof of Claim 1-2]
        $10,743.05 as a priority claim
        $3,360.27 as a secured claim; and

- Internal Revenue Service
    Proof of Claim for $4,455.15 [Proof of Claim 2-1]
        $1,676.72 as a priority claim
        $2,778.43 as a general unsecured claim.

Argument

Conversion of the Chapter 11 Case to Chapter 7 is in the Best Interests of Creditors

9.      While the United States Trustee's motion seeks conversion to Chapter 7, or in the alternative dismissal, the United States Trustee recommends conversion to Chapter 7. See Memorandum of Law of the United States Trustee in Support of Motion for an Order to Convert to a Case Under Chapter 7 or, Alternatively Dismiss This Chapter 11 Case at p. 2 ("The United States Trustee recommends conversion of this case."). Richards strongly supports conversion to Chapter 7.

10.     Paramount among this Court's considerations should be what is in the best interests of creditors. See 11 U.S.C. § 1112(b)(1) (best interests of creditors and the estate governs whether a case should be converted or dismissed when cause is shown).

11.     Here, Richards and the other creditors are best served by a conversion to Chapter 7. This is so for several reasons. First, a conversion will result in the appointment of an independent fiduciary – a Chapter 7 Trustee – who will do what the Debtor has not done, which is sell the Property and pay creditors. Second, a sale by a Chapter 7 Trustee will unquestionably yield a higher price than a sheriff's sale outside of bankruptcy. Third, if the lien of the first mortgagee is assailable on statute of limitations grounds[1], the Trustee has standing to challenge the lien as the Trustee steps into the shoes of the Debtor. See 11 U.S.C. § 323(a). By contrast, a creditor does not step into the shoes of a debtor and may not assert certain arguments against the first mortgagee in state court. Fourth, proceeds of a sale by a Chapter 7 Trustee will be used for the benefit of all creditors, whereas the proceeds of a sheriff's sale outside of bankruptcy will be paid only to the creditor that executed on the subject property, and will be less than distributed

---

[1] The statute of limitations for mortgage foreclosure is six years. See CPLR 213(4). It starts to run on the entire mortgage debt once the mortgage debt is accelerated and the entire amount becomes due. See EMC Mortg. Corp. v. Patella, 279 A.D.2d 604 (2d Dept. 2001).

from a Chapter 7 sale process. Fifth, to the extent the Debtor's estate has other assets (including insider causes of action), the Trustee is empowered to conduct an investigation and bring appropriate causes of action.

12. Based on the facts and history of this case, Richards' interests are best served by a conversion of this case to Chapter 7. Dismissal serves only the Debtor.

## Conclusion

13. For the reasons set forth above, Hubert Richards respectfully requests that this Court grant that portion of the United States Trustee's motion that seeks conversion of this case to Chapter 7.

Dated: November 14, 2018
     New York, New York

                                            LAW OFFICES OF LAURENCE J. SASS
                                            Attorneys for Hubert Richards

                                            By: /s/Laurence J. Sass_____
                                                 Laurence J. Sass

                                            20 Vesey Street, Suite 1400
                                            New York, New York 10007
                                            Telephone: (212) 267-6703